# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-09-00183-CR

**Jimmy Walker, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF BASTROP COUNTY, 423RD JUDICIAL DISTRICT NO. 13,497, HONORABLE CHRISTOPHER DUGGAN, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury convicted Jimmy Walker of possession of a controlled substance with intent to deliver. *See* Tex. Health & Safety Code Ann. § 481.112(b) (West 2010). Punishment was assessed at two years' confinement in state jail. Walker appeals, arguing that the trial court abused its discretion by denying his challenges for cause to two potential jurors. We will affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Walker was indicted for possessing less than a gram of cocaine with intent to distribute. He pleaded not guilty and elected to have a jury trial. Two of the veniremembers, Anthony Hostetler and Curtis Kelly, were deputies with the Travis County Sheriff's Department. During voir dire, both sides questioned the deputies as to whether they could be fair and impartial jurors. The deputies initially indicated some misgivings, but under further questioning by the court

they eventually stated that they believed they could be fair and impartial. Walker nevertheless attempted to challenge both deputies for cause. The court overruled the challenges.

Walker then used peremptory challenges to remove the deputies from the venire. After he did so, he asked the court for two additional peremptory challenges. The court denied his request.

Walker was convicted after a jury trial and sentenced to two years' state jail time. He now appeals.

## STANDARD OF REVIEW

We review a trial court's ruling on a challenge for cause with considerable deference because the trial judge is in the best position to evaluate a veniremember's demeanor and responses. *Gardner v. State*, 306 S.W.3d 274, 295-96 (Tex. Crim. App. 2009). A trial judge's ruling on a challenge for cause may be reversed only for a clear abuse of discretion. *Id*. at 296. When a veniremember's answers are ambiguous, vacillating, unclear, or contradictory, we give particular deference to the trial court's decision. *Id*.

## DISCUSSION

Walker argues that the trial court abused its discretion by denying his challenges for cause to veniremembers Hostetler and Kelly. He further argues that because the court denied his challenges for cause, he was forced to use peremptory strikes to remove Hostetler and Kelly from the venire, depriving him of the ability to use those strikes on other veniremembers.

2

Because Walker's argument turns on the exchanges that occurred during voir dire, we will reproduce the relevant exchanges in detail. But first, to summarize, Kelly initially suggested in response to defense-counsel questioning that he would prefer to hear Walker testify. He also suggested that his experience in law enforcement might color his view of the proceedings. Under further questioning, however, Kelly stated that he would follow the instructions given him and could be fair. Hostetler, similarly, initially suggested that his law-enforcement background might bias him against Walker. Under further questioning, however, he stated that he could put his bias aside and be fair and impartial.

The first relevant exchange occurred when defense counsel asked the entire venire: "If the defendant elects to not testify, for whatever reason, who's going to hold that against him? Raise your hand. Mr. Kelly, you would. Why?" Kelly responded: "It's going to leave an element of doubt in my mind as to why he doesn't want to tell his side." The conversation continued:

Kelly: I agree that I want to hear the truth from the individual involved . . . .

Defense Counsel: I guess what I'm asking you is, if he doesn't [testify], are you going to hold it against him?

Kelly: I'll have to wait.

Defense Counsel: But a while ago you said you would. And now you don't. Now—

Kelly: I would want to hear the whole story.

Defense Counsel: If you didn't hear it from the defendant, could you give him a fair trial? . . . .

Kelly: I'd want to hear his story.

3

Defense Counsel: . . . . Do you feel he's guilty, otherwise he wouldn't have been indicted if he wasn't guilty? Do you think that's true?

Kelly: Not necessarily.

. . . .

Defense Counsel: Deputy, you answered a couple of my questions, or at least one of my questions, was you want to hear both sides of the story. And that you didn't know, and that's that. You want to hear both sides. You want to hear that young man's side of the story.

Kelly: If I have a choice I want to.

Defense Counsel: If you don't hear that side of the story, do you—are you going to be fair?

Kelly: I'll assess all of the evidence presented to me.

Defense Counsel: Do you think you'll be fair?

Kelly: I'll make a fair judgment with the evidence presented me.

Defense Counsel: Are you coming in here unbiased?

Kelly: I don't have anything against the man.

Defense Counsel: The fact that you've been in law enforcement as long as you have, does that lend you some bias?

Kelly: I think it gives me some insight to what's going on here.

. . . .

Prosecutor: Deputy Kelly, we got it. You can—that talking about the both sides of every story and stuff, you understand how trials works [sic] over 16 years. So we don't need to go into that. But the Judge will give you specific instructions. And if he tells you, if the defendant doesn't testify that you are not to refer, or are allowed to refer to that fact while you are a juror, can you follow that instruction?

Kelly: Yes, sir.

Prosecutor: And you will not consider that fact for any purpose, whatsoever. Can you follow that instruction?

Kelly: Yes.

Prosecutor: That's part of what you do with your life, you follow instructions.

Kelly: Yes.

Prosecutor: So is your status as a Deputy Sheriff going to interfere with your ability as a juror if you sit on this jury?

Kelly: No, sir.

. . . .

Defense Counsel: Deputy, when you said that you wanted to hear both sides of the story—

Kelly: I'd like to hear both sides of it, yes, sir.

Defense Counsel: And maybe it's the way I interpret that, or the way you said it, or both. It made me feel like, without that, even though you say you can—you are probably going to have [a] hard time being fair; is that true?

Kelly: No.

The questioning of Hostetler proceeded similarly:

Defense Counsel: Do you think that the fact you've been in law enforcement for 17 years you can be fair and impartial to this young man?

Hostetler: I'd like to think I could.

Defense Counsel: And I know that.

Hostetler: I understand with me working out there for 17 years and dealing with this stuff, you know, plus dealing with reasonable suspicion and knowing all that stuff—

Defense Counsel: There's no way you're ever going to be able to keep an open mind.

Hostetler: I will come—I will probably be coming in somewhat prejudiced.

5

The Court: And let me ask you this, Mr. Hostetler. Would that somewhat prejudiced—just paraphrasing your words—would that prevent you in this case from being fair and impartial?

Hostetler: I don't think it would. I would listen to everything that's presented and according to the laws. I help uphold the laws. So I think I would be able to do so here, also.

The Court: And forgive me for nailing it down further. But I really need to know, will you or will you not. It's not[] I think, or I could, or I hope. We really need to know . . . . You know, even though you have that prior law enforcement training, can you—you don't have any problem with the presumption of innocence or the standard of proof—the beyond a reasonable doubt, or anything like that?

Hostetler: No problem.

The Court: Even though you do have that law enforcement background, do you think you could be fair and impartial to this gentleman that's charged with this offense?

Hostetler: Yes.

Defense Counsel: If I may. With all due respect to you, sir, Judge, I think the fact that Mr. Hostetler was honest enough to say, "I hope I can," that in and of itself would lend to his prejudice or bias whether he intended it or not. The mere fact that he answered honestly like that tells me that there's no way he's going to have an unbiased opinion.

The Court: I believe there's—I believe through further questioning by the Court, and, once again, you've heard his argument, can you be fair and impartial? And the last thing you told me, Mr. Hostetler, was that you could. Is that correct?

Hostetler: Yes.


Taken in isolation, certain parts of these exchanges do make it appear as though Hostetler and Kelly might be biased against Walker. Taken as a whole, however, these exchanges clearly show that the trial court had a rational basis for concluding that Hostetler and Kelly could be fair and impartial jurors. Thus, the court did not abuse its discretion by refusing to strike Hostetler

6

and Kelly for cause. *See Gardner*, 306 S.W.3d at 295-96. It follows that Walker was not harmed by having to use peremptory strikes to remove Hostetler and Kelly from the venire. We overrule Walker's issue.

## CONCLUSION

For the reasons stated above, we affirm the trial court's judgment.

_____

David Puryear, Justice

Before Justices Patterson, Puryear and Pemberton

Affirmed

Filed: October 14, 2010

Do Not Publish

7